UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

ABEN E. JOHNSON, JR.,

       Plaintiff,

Case No. 5:06-CV-6

v.

Hon. Richard Alan Enslen

HOME-OWNERS INSURANCE
COMPANY,

**ORDER**

       Defendant.

_____/

This matter is before the Court on Defendant Home-Owners Insurance Company's Motion for Summary Judgment. In light of the briefing, oral argument is unnecessary. *See* W.D. Mich. L. Civ. R. 7.2(d). For the reasons which follow, summary judgment will be denied.

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Further, the evidence of the non-movant must be believed, and all justifiable inferences drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff Aben E. Johnson, Jr. filed this diversity suit on January 5, 2006 seeking a declaration that a homeowners/personal liability policy issued by Defendant concerning Plaintiff's second home in Cedarville, Michigan (Compl., Ex. 1) entitles Plaintiff to a paid defense of a defamation action

instituted in Palm Beach County, Florida–*Jack Hasson v. Aben E. Johnson, Jr.*, case no. 98-001293 (15th Cir. Ct. Feb. 11, 1998 (Compl., Ex. 2), as well as damages incurred because of the failure to provide the defense. (Compl. 6-8.) Plaintiff is a Florida resident. (Compl. ¶ 3.) Defendant is a Michigan corporation with its principal place of business in Lansing, Michigan. (*Id.* at ¶ 4.) The amount in controversy exceeds $75,000. (*Id.* at ¶ 2.)

While subject matter jurisdiction is not disputed, the briefing does dispute the state law which governs the present suit. In a diversity suit, a federal court must apply the conflict of laws rules of its forum state, in this case Michigan. *See Mill's Pride, Inc. v. Cont'l Ins. Co.,* 300 F.3d 701, 704 (6th Cir. 2002). Michigan law has adopted the Restatement (Second) of Conflicts, including its provisions relating to contract law. See *Chrysler Corp. v. Skyline Indus. Servs., Inc.,* 528 N.W.2d 698, 703 (Mich. 1995); *Martino v. Cottman Transmission Sys., Inc.,* 554 N.W.2d 17, 21 (1996).

Under section 188 of the Restatement, the balance of the factors favors Florida law. First, the contract was formed in Florida because the last act necessary for the formation (the mailing of payment) occurred in Florida. *See Tayloe v. Merchants' Fire Ins. Co.*, 50 U.S. 390, 402-04 (1850) (applying mailbox rule to formation of insurance contract and payment by check); *see also McDonald v. Chemical Nat. Bank*, 174 U.S. 610, 620 (U.S. 1899); *Mutual Reserve Fund Life Ass'n v. Tuchfeld*, 159 F. 833, 839 (6th Cir. 1908); *Anderson Marketing, Inc. v. Maple Chase Co.*, 241 F.3d 1063, 1065-66 (8th Cir. 2001). Second, the place of negotiation is not helpful because the contract was negotiated between Michigan and Florida. *See Uniwest Mortg. Co. v. Dadecor Condos., Inc.*, 877 F.2d 431, 436 (5th Cir. 1989). Third, the place of performance of the pertinent duty, the duty to defend, is Florida both because defense funds would be directed to Florida and because at the time of contracting it was within the contemplation of the parties (given Plaintiff's Florida residence) that

performance would be in Florida.  *See Bristol West Ins. Co. v. Whitt*, 406 F. Supp. 2d 771, 787 (W.D. Mich. 2005).  Fourth, the situs of the subject matter of the risk, inasmuch as this suit relates to the duty to defend a Florida resident from a defamation suit, is Florida.  *See id.*; *see also Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 153 (2nd Cir. 2003).  The fifth and final factor considers the domicile, residence, place of incorporation and place of business of the parties.  This is a split factor given that Plaintiff is from Florida and Defendant from Michigan.

Having determined that Florida law applies, each of Defendant's arguments premised on Michigan law are inapposite.  Further, Defendant's arguments premised on Florida law are unpersuasive for the reasons given in the Response.  The statute of limitations' argument does not work because the limitation period has not begun to run since the Michigan Defendant was not subject to process in Florida.  *See* Fla. Stat. § 95.051(1)(a) (holding that limitations period is tolled when defendant is absent from Florida).  While that rule is subject to exception if service of process can constitutionally be made in Florida by publication, *see* Fla. Stat. § 95.051(1), this exception only applies when such service is "sufficient to confer jurisdiction . . ."  Such service would not have been sufficient to confer jurisdiction over Defendant because it was previously determined in a predecessor Florida suit that Defendant was not subject to personal jurisdiction there.  Finally, the provisions of Flordia law, including its mandatory counter-claim rule and its Claims Administration Statute, Fla. Stat. § 627.426(2)(a), dictate that Defendant's summary judgment motion be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Home-Owners Insurance Company's Motion for Summary Judgment (Dkt. No. 24) is **DENIED**.

DATED in Kalamazoo, MI:
March 26, 2007

  /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE